**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

WELLS FARGO EQUIPMENT FINANCE,
INC., d/b/a A.S.V. Capital,

      Plaintiff,

v.                                                         Case No. 08-CV-13142-DT

EAGLE 1 TREE SERVICE, LLC, BLAIN'S
TREE SERVICE, INC., RONALD C.
BOON, JR. and DAVID BLAIN LeBLANC,

      Defendants.
                                             /

## *EX PARTE* RESTRAINING ORDER AND ORDER TO APPEAR

Pending before the court is Plaintiff Wells Fargo Equipment Finance, Inc.'s July 23, 2008 "Verified Motion for Possession Pending Final Judgment." In its motion, Plaintiff contends that it has a "valid security and possessory interest" in certain collateral ("Collateral") that "is being wrongfully detained by one or more Defendants," and requests a temporary restraining order prohibiting Defendants from transferring, concealing or damaging the Collateral. (Pl.'s Mot. at 1.) Federal Rule of Civil Procedure 65 provides that:

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Fed. R. Civ. P. 65(b).

The court has determined that the requirements for issuing a temporary restraining order without notice to the adverse party under Federal Rule of Civil Procedure 65(b) are met in this case. Plaintiff alleges that "the Collateral is unlawfully in the possession of Defendants Blain[] and/or LeBlanc and it may not be receiving normal and proper maintenance, care and oversight." (Pl.'s Mot. at 3.) Plaintiff further alleges that it "believes that the Collateral is not currently insured" and that "Plaintiff will be imminently and irreparably harmed in the event that the Collateral is disposed of through sale to a third party, without proper payment to Plaintiff, or is improperly maintained or otherwise rapidly depreciates in value." (*Id.*) Based on the representations that Plaintiff makes in its motion, the court agrees that if Defendants were to transfer, conceal or damage the Collateral, Plaintiff would be irreparably harmed, and Defendants should be enjoined from so doing. *See* Fed. R. Civ. P. 65(b)(1). Accordingly,

IT IS ORDERED that Defendants Eagle 1 Tree Service, LLC, Blain's Tree Service, Inc., Ronald C. Boon, Jr. and David Blain LeBlanc and any and all persons acting in concert with Defendants including, but not limited to, any third parties with notice hereof, are hereby ENJOINED and ORDERED to REFRAIN from damaging, destroying, consuming, disposing of or using so as to substantially impair the value of the property listed on Schedule A of Exhibit A to Plaintiff's complaint.

IT IS FURTHER ORDERED that Plaintiff is DIRECTED to serve Defendants with all the pleadings in this case, including this order, by **Friday, July 25, 2008**. Plaintiff shall serve Defendants in accordance with Michigan Court Rule 3.105, which requires Plaintiff to serve Defendants with a copy of its motion for possession pending final

2

judgment and this order "[a]t least 7 days before a hearing on a motion filed under this subrule."  See also Fed. R. Civ. P. 64 ("[A]ll remedies providing for seizure of person or property for the purpose of security satisfaction of the judgment ultimately to be entered in the action are available under the circumstances and in the manner provided by the law of the state in which the district court is held.").

IT IS FURTHER ORDERED that the court will conduct a hearing on Plaintiff's "Verified Motion for Possession Pending Judgment" on **August 5, 2008 at 2:00 p.m.** Party representatives with full settlement authority are DIRECTED to appear.  The parties should independently consider what possibility there may be of an amicable resolution of the issues implicated in the case.

    S/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated:  July 24, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 24, 2008, by electronic and/or ordinary mail.

    S/Lisa Wagner  
Case Manager and Deputy Clerk  
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\08-13142.EAGLE1.TRO.wpd

3